IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01114-BNB

BOB ALLEN CUSTARD,

    Plaintiff,

v.

CLIFF YOUNG,
W. WILLIAMSON,
J. SMITH,
J. SELLS,
MARIE BAILEY,
A. OSAGIE,
T. MANSPEAKER,
H. WATTS,
(1ST NAME UNK) SCHELELDEIN,
(1ST NAME UNK) BAUER,
(1ST NAME UNK) STARK,
(1ST NAME UNK) WALLS,
(1ST NAME UNK) PULLEN,
(1ST NAME UNK) BOND,
(1ST NAME UNK) SWANSON,
M. COLLINS,
K. REAR,
UNK. FEMALE PRISON GUARD,
W. HAYGOOD,
C. TURNER,
R. WILEY,
D.D.S. ELDRED,
LL. LEYBA, D.O.,
G. L. HERSHBERGER,
UNK. MALE PRISON GUARD, and
UNITED STATES,

    Defendants.

FILED
UNITED STATES DISTRICT COURT

AUG 2 3 2006

GREGORY C. LANGHAM
           CLERK

---

ORDER DENYING REQUEST FOR RECUSAL AND CHANGE OF VENUE

---

On June 28, 2006, Plaintiff Bob Allen Custard filed a document titled "Pltf's Combined: Affidavit/Declaration Pursuant to 28 U.S.C. 144, 455; Pltf's Motion for Change of Venue, Pltf's Motion for Evidentiary Hearing/Recusal County of Fremont-State of Colorado." In the Motion, Plaintiff seeks to disqualify from the instant action all district judges and magistrate judges serving in the United States District Court for the District of Colorado (District of Colorado). He further seeks change of venue.

Plaintiff alleges that Defendant T. Manspeaker is the son of retired Clerk of the Court for the District of Colorado, Jim Manspeaker. Mr. Custard further contends that Defendant Manspeaker has told him that he is friends with all District of Colorado judges, specifically with Senior Judge Zita L. Weinshienk, and that he or his father will see to it that Plaintiff's instant action is dismissed based on his friendship with the judges. Plaintiff seeks to have all judges in general recuse themselves and specifically to have Senior Judge Zita L. Weinshienk recuse herself from the instant action.

Plaintiff's request for recusal will be denied because he fails to assert an appropriate legal basis for his request that either I or all other district court judges recuse themselves.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge, before whom the matter is pending, to recuse himself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit to the court a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v.*

***Rogers***, 831 F.2d 937, 939 (10th Cir. 1987). Although a court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. **See *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988).** The moving party has a substantial burden "to demonstrate that the judge is not impartial." ***United States v. Burger***, 964 F.2d 1065, 1070 (10th Cir. 1992).

Disqualification pursuant to § 144 applies to district judges. Section 144, as noted above, pertains to a judge before whom the matter is pending. Currently the instant action is not pending before a district judge. Therefore, Plaintiff's request that all district judges recuse themselves is without legal basis and will be denied.

Consideration for disqualifying magistrate judges is regulated by 28 U.S.C. § 455(a). Section 455(a) states that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The general purpose of § 455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the appearance of partiality. ***Liljeberg v. Health Servs. Acquisition Corp.***, 486 U.S. 847, 860 (1988). "[W]hat matters is not the reality of bias or prejudice but its appearance." ***Liteky v. United States***, 510 U.S. 540, 548 (1994). Under § 455(a), "a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." ***United States v. Cooley***, 1 F.3d 985, 992 (10th Cir. 1993). The decision to recuse is committed to the sound discretion of the district court. **See *Burger*, 964 F.2d at 1070.**

3

The provisions of § 455 do not command automatic disqualification of a judge; to the contrary, it is the duty of the judge who allegedly is biased to pass on the sufficiency of the allegations. *See David v. City & County of Denver*, 847 F. Supp. 1094, 1095 (D. Colo. 1993). A judge has an affirmative duty not to disqualify himself unnecessarily. *See Cooley*, 1 F.3d at 994; *David*, 837 F. Supp. at 1095. There is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to recuse when there is occasion to do so. *See Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995); *Hinman*, 831 F.2d at 939. But, if the question of whether § 455(a) requires disqualification is a close one, the balance tips in favor of recusal. *See Nichols*, 71 F.3d at 352.

Under § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue; rather, the issue is whether a reasonable person, knowing all of the relevant facts, would harbor doubts about the judge's impartiality. *See Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993; *United States v. Gigax*, 605 F.2d 507, 511 (10th Cir. 1979). The standard is purely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See Nichols*, 71 F.3d at 351; *Cooley*, 1 F.3d at 993.

In applying the objective test, "the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question." *Cooley*, 1 F.3d at 993. Application of § 455(a) necessarily includes emphasis on whether a judge's impartiality might "reasonably" be questioned. Recusal must not be mandated "upon the merest unsubstantiated suggestion of personal bias or prejudice." *Franks v. Nimmo*, 796 F.2d 1230, 1235 (10th Cir. 1986). Section 455(a) should not be read to warrant the

4

transformation of a litigant's fear that a judge may decide a question against him into a "reasonable" fear that the judge will not be impartial. **See Cooley**, 1 F.3d at 993. The statute is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice. **See Nichols**, 71 F.3d at 351; **Cooley**, 1 F.3d at 993.

Plaintiff does not state in his request why specifically I should recuse myself. Plaintiff's allegations are vague and conclusory and do not satisfy the objective standard for disqualification required pursuant to § 455(a). Therefore, Plaintiff's request that I recuse myself will be denied.

As for Plaintiff's request that he be granted change of venue based on the alleged bias of all judges, the Court finds no basis for granting Plaintiff's request for a change of venue. Accordingly, it is

ORDERED that Plaintiff's Motion requesting a change of venue and a recusal of all United States District of Colorado judges, filed June 28, 2006, is denied. It is

FURTHER ORDERED that Plaintiff's Motion for an evidentiary hearing regarding recusal of all judges, filed June 28, 2006, is denied as moot. It is

FURTHER ORDERED that Plaintiff's Motion for Stay of Proceedings, filed August 10, 2006, is denied as moot. It is

FURTHER ORDERED that Plaintiff's Renewed Objections and Motion for Standing Objections, filed August 10, 2006, is denied pursuant to the August 3, 2006, Order. It is

FURTHER ORDERED that Plaintiff is directed to comply with the Court's July 13, 2006, Order and commence, starting with the current month of August, either making arrangements for monthly payments to be sent to the Court or in the alternative if he

has no assets or means by which to make the monthly payments filing a current certified copy of his trust fund account statement in keeping with 28 U.S.C. § 1915. It is FURTHER ORDERED that if Plaintiff fails to comply with the Court's July 13, 2006, Order the Complaint and action will be subject to dismissal without further notice.

DATED at Denver, Colorado, this 22d day of August, 2006.

BY THE COURT:

BOYD N. BOLAND
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01114-BNB

Bob A. Custard
Reg. No. 02728-031
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/23/06

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk