IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01114-WYD-CBS

BOB ALLEN CUSTARD,
     Plaintiff,
v.

A. OSAGIE,
T. MANSPEAKER,
DAVE SCHEIFELBEIN,
L.L. LEYBA, D.O.,
W. HAYGOOD,
R. WILEY,
D.D.S. ELDRED, and
THE UNITED STATES,
     Defendants.

_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Magistrate Judge Craig B. Shaffer

     This civil action comes before the court on: (1) the Motion to Dismiss filed on March 23, 2007 by Defendants Osagie, Manspeaker, Haygood, Wiley, and the United States (doc. # 94); and (2) the Motion to Dismiss filed on August 6, 2007 by Defendants Scheifelbein, Leyba, and Eldred (doc. # 126).[1] Pursuant to the Order of Reference dated September 12, 2006 (doc. # 23) and the memoranda dated March 23, 2007 (doc. # 95) and August 6, 2007 (doc. # 127), these matters were referred to the Magistrate Judge. The court has reviewed the Motions, Mr. Custard's responses (filed April 24, 2007 (doc. # 105) and August 22, 2007 (doc. # 129)), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

_____

1     Defendants Scheifelbein, Leyba, and Eldred filed a separate Motion to Dismiss because they had not yet been served in this action at the time of the filing of the first Motion to Dismiss. (*See* Order (doc. # 111)).

I.    Statement of the Case

Mr. Custard is currently an inmate in administrative segregation ("ADX") at the United States Penitentiary in Florence, Colorado ("USP-Florence").  Proceeding *pro se*, Mr. Custard filed his original "Prisoner Complaint" on or about June 1, 2006.  (*See* doc. # 3).  Mr. Custard filed an Amended Complaint on July 5, 2006 (*see* doc. # 5) and a Second Amended Complaint on October 5, 2006 (*see* docs. # 37, # 37-2, and # 37-3).

On April 18, 2007, the court approved Mr. Custard's withdrawal of Claims One, Two, Four, and Five and the dismissal of Defendants Young, Williamson, Smith, Sell, Bailey, Watts, Bauer, Stark, Walls, Pullen, Bond, Swanson, Collins, Rear, and Turner.  (*See* "Plaintiff's Motion for Leave of Court for Limited Amendment (that Involves Dropping of Several Claims and Defendants Only)" (filed April 17, 2007) (doc. # 101);  Order (doc. # 103)).  The court also approved Mr. Custard's withdrawal of any reference to suing the individual Defendants in their "Professional capacity."  (*See id.*).

Claim Three of the Second Amended Complaint ("SAC"), alleging violation of the Eighth Amendment, conspiracy, and retaliation, remains before the court.  Mr. Custard brings Claim Three against Defendants Osagie, Manspeaker, Scheifelbein, Leyba, Haygood, Wiley, and Eldred pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Mr. Custard also purports to bring Claim Three against the United States of America pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*[2]  Mr. Custard seeks injunctive relief and monetary damages.  (*See*

---

2      The Tenth Circuit has "specifically held that the FTCA and a *Bivens* claim are alternative remedies." *Robbins v. Wilkie*, 300 F.3d 1208, 1213 (10th Cir. 2002). "When a federal law enforcement officer commits an intentional tort, the victim has two avenues of redress: 1) he may bring a *Bivens* claim against the individual officer based on the constitutional violation, or 2) he may bring a common law tort action against the United States pursuant to the FTCA." *Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir. 1994) (citation omitted).  "These are separate and distinct causes of action arising out of the same transaction." *Engle*, 24 F.3d at 135.  "Although the plaintiff may elect initially to bring his action against either defendant, a judgment against the United States under the FTCA constitutes a complete bar to any action by the claimant, by reason of the same subject matter, against the employee . . . whose act or omission

Second Amended Complaint ("SAC") (doc. # 37-3) at pp. 21-24 of 24).

II.     Defendants' Motions to Dismiss

A.      Standard of Review

Defendants move to dismiss Claim Three pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.[3]

Fed. R. Civ. P. 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  The court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, — F. 3d —, —, 2007 WL 2019752 at * 3 (10th Cir. (N. M.) July 13, 2007) (quoting *David v. City & County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).  The court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Alvarado*, 2007 WL 2019752 at * 3 n. 2 (citing *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, ----, 127 S. Ct. 1955, 1968-69 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp.*, 127 S.Ct. at 1969.

Because Mr. Custard appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted).  However, a *pro se* litigant's "conclusory allegations without supporting

gave rise to the claim.' " *Engle*, 24 F.3d at 135 (quoting 28 U.S.C. § 2676).

3       Defendants argue that Mr. Custard's claim against the individual Defendants in their "professional" capacities must be dismissed for lack of subject matter jurisdiction. As Mr. Custard has withdrawn any reference to suing the individual Defendants in their "Professional capacity," the Defendants' argument pursuant to Fed. R. Civ. P. 12(b)(1) is now moot.

factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

B.      Analysis

Mr. Custard alleges in Claim Three that the individual Defendants: (1) retaliated against him "for lawfully asserting my 1st Amendment rights of access to the courts, (which in modern times . . . means also exhaustion of prison grievance procedures);" (2) failed to provide him denture adhesive, dental care, or a soft diet in violation of the Eighth Amendment to the U.S. Constitution; and (3) conspired to retaliate against him. (*See* SAC (doc. # 37) at pp. 32, 34 of 35). Mr. Custard alleges that he "has only five (5) teeth all on top . . . and no teeth on bottom . . . and must use dentures." (*See* SAC (doc. # 37) at p. 32 of 35). Mr. Custard alleges that "[b]eginning on/about September 29, 2005," he told Defendant Bauer that he was "totally out of denture adhesive, . . . could not chew food without it," and could not purchase denture adhesive from the commissary because he was indigent. (*See* SAC (doc. # 37) at p. 33 of 35).[4] Mr. Custard alleges that the Defendants denied him denture adhesive, dental care, or a soft diet for 133 days. (*See* SAC (doc. # 37) at pp. 32, 34 of 35). Thereafter, Mr. Custard received denture adhesive free of charge for approximately one and a half years. (*See* Mr. Custard's Response (doc. # 129) at p. 11 of 17; *see also* Mr. Custard's Response (doc. # 105) at p. 5 of 13; SAC (doc. # 37) at p. 35 of 35). Mr. Custard was later able to purchase his denture adhesive. (*See* Mr. Custard's Response (doc. # 129) at p. 16 of 17).

Defendants seek dismissal of Claim Three based upon qualified immunity and failure to state an Eighth Amendment, retaliation, or conspiracy claim.

---

4      Defendant Bauer was dismissed from this action on April 18, 2007. (*See* Order (doc. # 103); Mr. Custard's Response (doc. # 129) at p. 15 of 17).

1.    Eighth Amendment

Defendants argue that Mr. Custard fails to state an Eighth Amendment claim because he has not alleged a serious harm or a culpable state of mind on the part of the Defendants.

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted).  An inmate's complaint of inadequate medical care amounts to an Eighth Amendment claim if the inmate alleges "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  An Eighth Amendment claim includes both an objective component and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  As for the objective component, "the alleged deprivation must be 'sufficiently serious' to constitute a deprivation of constitutional dimension." *Self v. Crum*, 439 F.3d 1227, 1231 (10th Cir.) (quoting *Farmer*, 511 U.S. at 834), *cert. denied*, 127 S.Ct. 131 (2006).  As for the subjective component, "the prison official must have a 'sufficiently culpable state of mind.' " *Self*, 439 F.3d at 1231 (quoting *Farmer*, 511 U.S. at 834).  "[A] prison official cannot be liable 'unless the official knows of and disregards an excessive risk to inmate health or safety.' " *Self*, 439 F.3d at 1231 (quoting *Farmer*, 511 U.S. at 837).  Under this standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.  *See also Green v. Branson*, 108 F.3d 1296, 1302 (internal quotation marks and citation omitted) ("To be guilty of deliberate indifference, the defendant must know he is creating a substantial risk of bodily harm.").

As to the subjective component of an Eighth Amendment claim, serious medical needs may include dental care. *See Ramos v. Lamm*, 639 F.2d 559, 576 ("Dental care is one of the most important medical need of inmates.").  A cognizable claim regarding

inadequate dental care can be based on various factors, such as the pain suffered by the plaintiff, *see Fields v. Gander*, 734 F.2d 1313, 1314-15 (8th Cir.1984) ("severe pain" due to infected tooth), or deterioration of the teeth due to a lack of treatment, *Boyd v. Knox*, 47 F.3d 966, 969 (8th Cir.1995) (three-week delay in dental treatment aggravated problem). Mr. Custard alleges that the denial of denture adhesive, dental care, or a soft diet caused "bleeding, swelling, scarring and pain" to his gums and that he became malnourished and lost 40 to 50 pounds. (*See* SAC (doc. # 37) at p. 34 of 35; SAC (doc. # 37-2) at pp. 3, 6, 8, 14,  of 26).[5]  Mr. Custard's allegations are sufficient to state an objectively serious deprivation. *See Farrow v. West*, 320 F.3d 1235, 1239, 1244 (11th Cir. 2003) (prisoner's allegations that lack of dentures caused bleeding, "soreness, and swelling in his gums and his condition also led to weight loss" showed a serious medical need); *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (prisoner's allegations that he was "unable to chew his food without his dentures, significantly impeding his ability to eat, and that he has suffered bleeding, headaches, and disfigurement" were "sufficient to demonstrate . . . a serious medical need for his dentures") (internal quotation marks and citations omitted); *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (reversing grant of summary judgment for defendants where prisoner alleged that prison's refusal to replace his lost denture led to bleeding and infected gums, brittle teeth and pain due to his inability to eat properly).

As to the subjective component, Mr. Custard alleges that each of the individual Defendants was aware that he needed denture adhesive and refused to provide adhesive

---

5      Attached to the SAC are several exhibits. (*See* SAC (doc. # 37-2) at pp. 2-20 of 26).  In considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  *See also GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) (in addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity).

or a soft diet and denied his requests for dental care.  (*See* SAC (doc. # 37) at pp. 32, 34-35 of 35).  Mr. Custard alleges that Defendant Osagie became angry with him and said "you'll never see the dentist now."  (SAC (doc. # 37) at p. 35 of 35).  He alleges that Defendants Osagie, Manspeaker, and Leyba either falsely recorded his weight or refused to weigh him, in order to hide that he was losing weight. (SAC (doc. # 37) at p. 35 of 35). He alleges that Defendant Leyba refused to examine his bleeding gums. (SAC (doc. # 37-2) at p. 1 of 26).  He alleges that Defendant Scheifelbein refused to respond to his many requests.  (SAC (doc. # 37) at p. 35 of 35).  Mr. Custard alleges that Defendant Haygood responded to his requests for denture adhesive by stating "everybody's hoping you'll choke to death," among other things.  (SAC (doc. # 37-2) at p. 1 of 26).  He alleges that Defendant Wiley responded by stating that "none of my men care about your bleeding gums. . . ."  (SAC (doc. # 37-2) at p. 1 of 26).  As Mr. Custard has alleged that the individual Defendants knew of his need for denture adhesive or a soft diet and that they delayed or prevented him from receiving necessary treatment, he has pled sufficient facts to state a claim under the subjective component of the deliberate indifference standard.

To the extent that Defendants' Motions to Dismiss are based on failure to state an Eighth Amendment claim, they are properly denied.


2.   Qualified Immunity

Defendants argue that they are entitled to qualified immunity from Claim Three.  The Supreme Court has recognized a qualified immunity defense for *Bivens* claims against federal officials. *Johnson v. Fankell*, 520 U.S. 911, 914 (1997).  *See also Correctional Services Corp. v. Malesko*, 534 U.S. 61, 72 (2001) ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity.").

Under the doctrine of qualified immunity, government officials performing discretionary functions, generally are shielded from liability for civil damages

> insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. When a defendant raises a claim of qualified immunity, the burden shifts to the plaintiff to show that the defendant is not entitled to that immunity.

*Douglas v. Dobbs*, 419 F.3d 1097, 1100-01 (10th Cir. 2000) (internal quotation marks and citations omitted). To overcome a qualified immunity defense, a plaintiff must first assert a violation of a constitutional or statutory right and then show that the right was clearly established. *Maestas v. Lujan*, 351 F.3d 1001, 1007 (10th Cir. 2003). "A court evaluating a claim of qualified immunity must first determine whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, proceed to determine whether that right was clearly established at the time of the alleged violation." *Wilson v. Layne*, 526 U.S. 603, 609 (1999) (internal quotation marks and citation omitted). *See also Currier v. Doran*, 242 F.3d 905, 917 (10th Cir. 2001) ("Once a defendant raises the defense of qualified immunity in the context of a motion to dismiss, a court must first determine whether the plaintiff has asserted a violation of federal law.") (citation omitted).

Mr. Custard has pled that the individual Defendants were deliberately indifferent to his serious medical need. A defendant presenting an immunity defense on a Rule 12(b)(6) motion must accept the standard of review applicable to this procedural route. *See Currier*, 242 F.3d at 917 (district court will review a motion to dismiss where a qualified immunity defense is asserted "under the customary motion to dismiss standard"). Taken in the light most favorable to Mr. Custard, as required, *Ramirez v. Colorado Dept. of Corrections*, 222 F.3d 1238, 1240 (10th Cir. 2000) (citation omitted), the allegations are sufficient to establish deliberate indifference to his serious medical needs. To the extent that Defendants' Motions to Dismiss are based on qualified immunity, they are properly denied at this time.

3.    Retaliation

Mr. Custard further alleges that Defendants denied him denture adhesive in

retaliation for filing grievances that are prerequisite to filing suit in federal court. (*See* SAC (doc. # 37) at pp. 32 of 35; SAC (doc. # 37-2) at p. 1 of 26).

"[G]overnment action which chills constitutionally protected speech or expression contravenes the First Amendment." *Wolford v. Lasater*, 78 F.3d 484, 488 (10th Cir. 1996). *See also Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir.1990) ("The right of access to the courts . . . is also one aspect of the First Amendment right to petition the government for redress of grievances"); *Wildberger v. Bracknell*, 869 F.2d 1467, 1468 (11th Cir.1989) (holding that retaliation for filing lawsuits and administrative grievances "violates both the inmate's right of access to the courts and the inmate's First Amendment rights"). Prison "officials may not retaliate against or harass an inmate because of the inmate's exercise of his constitutional rights . . . even where the action taken in retaliation would be otherwise permissible." *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (internal quotation marks and citation omitted).

"To state a valid claim for retaliation . . . , a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999) (citation omitted). "Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v. Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990). *See also Jones*, 188 F.3d at 325 ("Mere conclusory [sic] allegations of retaliation will not be enough to withstand a proper motion for dismissal of the claim") (citation omitted). "The inmate must allege more than his personal belief that he is the victim of retaliation." *Jones*, 188 F.3d at 325. The prisoner must "allege a chronology of events from which retaliation may plausibly be inferred." *Jones*, 188 F.3d at 325 (citation omitted).

Mr. Custard alleges that the individual Defendants refused to provide him denture

adhesive because he files "so many grievances." (*See* SAC (doc. # 37) at p. 35 of 35). However, Mr. Custard's allegations are too vague and conclusory to state a cognizable *Bivens* claim for unconstitutional retaliation against the Defendants named in Claim Three. As Mr. Custard has not sufficiently alleged the dates that he filed his grievances or the dates that Defendants denied him denture adhesive (*See* SAC (doc. # 37) at p. 35 of 35; SAC (doc. # 37-2) at p. 1 of 28), he has not stated an adequate temporal relationship between his grievances and the occasions Defendants denied him denture adhesive. While Mr. Custard alleges that Defendants commented about his many grievances and lawsuits, he has not alleged that Defendants had knowledge of any specific grievances. The majority of the comments Mr. Custard attributes to the Defendants make no reference to any grievances. (*See, e.g.*, allegations regarding Defendants Osagie, Scheifelbein, Manspeaker, and Haygood (SAC (doc. # 37) at p. 35 of 35; SAC (doc. # 37-2) at p. 1 of 28). Mr. Custard's claim for retaliation is based on nothing more than his personal belief and conclusory allegations. Mr. Custard has not set forth any "chronology of events from which retaliation may plausibly be inferred." *Jones*, 188 F.3d at 325 (citation omitted). Mr. Custard has failed to adequately allege that his grievances were the "but for" cause of the denial of denture adhesive. *See Peterson*, 149 F.3d at 1144 ("allegations of retaliation must fail because he has presented no evidence that the defendants' alleged retaliatory motives were the 'but for' cause of the defendants' actions"). *See also Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996) ("ultimate question is whether events would have transpired differently absent the retaliatory motive") (citation omitted); *Baker v. Smith*, 771 F. Supp. 1156, 1158 (D. Kan. 1991) ("A complaint that contains only conclusory allegations of a deprivation of a constitutional right and thus fails to supply a sufficient factual basis to allow defendants to intelligently prepare a defense fails to state a cause of action and must be dismissed") (citations omitted). Mr. Custard fails to state a claim against Defendants for retaliation based on the exercise of a constitutional right.

4.     Conspiracy

Mr. Custard further alleges conspiracy under *Bivens*, 403 U.S. at 388.  "A claim of conspiracy requires plaintiff demonstrate direct or circumstantial evidence of a meeting of the minds or agreement among the defendants."  *Merritt v. Hawk*, 153 F. Supp. 2d 1216, 1225 (D. Colo. 2001) (citation omitted).  "[C]onspiracy can be shown by a sequence of events from which a reasonable jury could infer there was a meeting of the minds."  *Merritt*, 153 F. Supp. 2d at 1225 (citation omitted).  "However, conclusory allegations that defendants acted 'in concert,' or 'conspired' without specific factual allegations to support such assertions are insufficient."  *Merritt*, 153 F. Supp. 2d at 1225 (quoting *Aniniba v. City of Aurora*, 994 F. Supp. 1293, 1298 (D. Colo.1998)).

Mr. Custard bases his claim for conspiracy on alleged comments that the individual Defendants made to him.  (*See* SAC (doc. # 37) at p. 35 of 35; SAC (doc. # 37-2) at p. 1 of 26).  However, Mr. Custard's allegations of statements that "nobody likes you at medical," "you are threatening me," "I have been hoping for two months that you'd choke to death . . . ," "I will not weigh you," "everybody's hoping you'll choke to death," and "none of my men care about your bleeding gums or if you choke to death" are not sufficient to state a claim for conspiracy.  Mr. Custard has failed to allege facts sufficient to suggest the existence of any of the elements of a conspiracy.  *See Bivens Gardens Office Bldg. v. Barnett Banks, Inc.*, 140 F.3d 898, 912 (11th Cir.1998) (to state a claim for civil conspiracy, a plaintiff must allege "an agreement between two or more people to achieve an illegal objective, an overt act in furtherance of that illegal objective, and a resulting injury to the plaintiff");  *Baker v. Smith*, 771 F. Supp. 1156, 1158 (D. Kan. 1991) (civil conspiracy defined as "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another; and an

11

overt act that results in damage") (internal quotation marks and citation omitted);  *Ting v. U.S.*, 927 F.2d 1504, 1512 (9th Cir.1991) (to state a claim under *Bivens*, a plaintiff must "establish (1) the existence of an express or implied agreement among the defendant officers to deprive him of his constitutional rights, and (2) an actual deprivation of those rights resulting from that agreement");  *Custard v. United States*, 2006 WL 1599210 (S.D. Ill. June 9, 2006) ("Although claims of civil conspiracy need not be pleaded with particularity, a plaintiff must indicate the parties involved, the general purpose of the conspiracy, and the approximate date, so that a defendant is put on notice of the claims against him.").  Mr. Custard fails to state a claim for conspiracy under *Bivens*.

5.      Prison Litigation Reform Act, 42 U.S.C. § 1997e(e)

Defendants have moved to dismiss Claim Three because Mr. Custard has not alleged that he suffered any physical injury, which is a requirement under the Prison Litigation Reform Act ("PLRA") for an inmate to bring a federal claim for monetary damages.  *See* 42 U.S.C. § 1997e(e) ("[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.")  *See also Turner v. Schultz*, 130 F. Supp. 2d 1216, 1222-23 (D. Colo. 2001) ("[A]lthough claims for mental and emotional distress can be brought pursuant to § 1983, . . . § 1997e(e) provides that 'such a suit cannot stand unless the plaintiff has suffered a physical injury in addition to mental or emotional harms.'") (quoting *Perkins v. Kansas Dept. Corrections*, 165 F.3d 803, 807 (10th Cir. 1999).

While the PRLA requires "physical injury," the threshold may not be particularly high.  *See Mitchell v. Horn*, 318 F.3d 523, 534-36 (3d Cir. 2003) ("We therefore follow the approach of the Fifth, Ninth, and Eleventh Circuits in requiring a less-than-significant-but-more-than-*de minimis* physical injury as a predicate to allegations of emotional injury");

*Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002) ("§ 1997e(e) requires a prior showing of physical injury that need not be significant but must be more than *de minimis.*"); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (suggesting that the PRLA requirement should be construed consistent with the "well-established Eighth Amendment standard," and must be more than *de minimis,* but need not be significant).   Mr. Custard alleges that Defendants' denial of denture adhesive, dental care or a soft diet caused "pain, bleeding, swelling, scarring" to his gums and a significant loss of weight.   These allegations suggest some physical manifestation or harm caused by the alleged Eighth Amendment violation. Under the standards governing a motion to dismiss, the court cannot conclude as a matter of law that Mr. Custard's alleged injuries have no physical component or are no more than *de minimus*.   Mr. Custard has made sufficient allegations to preclude dismissal under § 1997e(e).

6.      Absolute Immunity -- Defendant Eldred

Defendant Eldred moves to be dismissed from this action based on his absolute immunity as a Public Health Service employee.  (*See* Declaration of Benjamin Brieschke (doc. # 126-2)).  *See also* 42 U.S.C. § 233(a) ("remedy against the United States . . . shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee . . . whose act or omission gave rise to the claim.")  Mr. Custard concedes dismissal of Defendant Eldred.  (*See* Mr. Custard's Response (doc. # 129) at p. 15 of 17).  Thus, Defendant Eldred is properly dismissed from this civil action.

7.      Injunctive Relief

Mr. Custard seeks "injunctive relief that the court order issue [sic] ADX Administrators & ADX Medical Administrators forevermore include in the BOP formulary denture adhesive for BOP/ADX prisoners who cannot buy denture adhesive . . . ." (SAC

13

(doc. # 37-3) at p. 21 of 24).  Mr. Custard's pleadings indicate that subsequent to the filing of this lawsuit he was provided denture adhesive free of charge for approximately one and a half years and has since been able to purchase his denture adhesive.  As Mr. Custard has essentially received what he sought and the court can no longer grant any effective relief, the request for injunctive relief is moot.  *See Smith v. Plati*, 258 F.3d 1167, 1179 (10th Cir. 2001) ("An issue becomes moot when it becomes impossible for the court to grant any effectual relief whatsoever on that issue") (quotation omitted).

III.	Mr. Custard's Malicious Filings

The court once again advises Mr. Custard that the obscene language that appears in his filings does not advance his causes before the court and the court need not entertain such filings.  Future filings containing abusive or inappropriate language will be stricken without further notice.

IV.	Conclusion

Accordingly, IT IS RECOMMENDED that:

1.	The Motion to Dismiss filed on March 23, 2007 by Defendants Osagie, Manspeaker, Haygood, Wiley, and the United States  (doc. # 94) be GRANTED IN PART AND DENIED IN PART.

2.	The Motion to Dismiss filed on August 6, 2007 by Defendants Scheifelbein, Leyba, and Eldred (doc. # 126) be GRANTED IN PART AND DENIED IN PART.

3.	Defendant Eldred be dismissed from this civil action.

4.	The portion of Claim Three alleging retaliation be dismissed with prejudice;

5.	The portion of Claim Three alleging conspiracy be dismissed with prejudice;

6.	Mr. Custard's request for injunctive relief be dismissed as moot.

14

**Advisement to the Parties**

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made.  28 U.S.C. § 636(b)(1).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  *See In re Griego*, 64 F.3d at 583;  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review); *International Surplus Lines Insurance Co. v.*

*Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 14th day of September, 2007.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge